UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                              )
LINDA SHERIDAN,                               )
                                              )
                        Plaintiff,            )
                                              )         Civil Action No. 08-11732
v.                                            )
                                              )
NATIONAL ENTERPRISE                           )
SYSTEMS, INC. and JOHN DOE                    )
                        Defendants.           )
_____       )

## COMPLAINT

## INTRODUCTION

The plaintiff, Linda Sheridan, brings this action under the Fair Debt Collection Practices Act ("FDCPA") against the debt collectors National Enterprise Systems, Inc. and its employee collector. The defendants invaded the plaintiff's privacy and harassed the plaintiff in an attempt to collect a debt. The plaintiff brings this action for actual damages, statutory damages, and other relief against the defendants.

## PARTIES

1.     Plaintiff Linda Sheridan is an individual consumer residing in South Yarmouth, Massachusetts.

2.     Defendant National Enterprise Systems, Inc. ("NES") is a foreign corporation organized under the laws of the State of Ohio with a principal place of business at 29125 Solon Road, Solon, OH 44146.

3.     NES has a Massachusetts place of business at 800 West Cummings Park, Woburn, MA 01801 and a registered agent and Massachusetts office at 15 Union Street, Building Six, Lawrence, MA 01840.

4.      NES is engaged in trade or commerce and is engaged in business which has as its principal purpose the collection of debts.

5.      NES regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts.

6.      NES is a debt collector as defined by 15 U.S.C. § 1692a(6).

7.      On information and belief, Defendant John Doe is an individual collector employed by NES. On information and belief, Mr. Doe regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts, and is a debt collector as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

9.      Venue in this district is proper as the plaintiff resides in this district and the events giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

10.      At all times relevant hereto, the defendant was attempting to collect an alleged debt or debts from the plaintiff (hereinafter "debt").

11.      The debt was incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

12.     The plaintiff, Ms. Sheridan, is a single mother whose ex-husband is behind in child support payments

13.     Ms. Sheridan takes care of her 90-year-old mother who suffers from terminal cancer and her 15 year old son, all while holding down a full-time job.

14.     Ms. Sheridan has been trying to pay her debts, including her mortgage, while trying to get back on her feet.

15.     In September 2008, John Doe, an employee of NES initially calling himself "John Devereaux," telephoned Ms. Sheridan at her place of employment in an attempt to collect a past-due credit card debt.

16.     At all times relevant hereto, Mr. Doe was acting within the scope of his employment with actual and/or apparent authority from NES.

17.     Mr. Doe told Ms. Sheridan that if she did not pay the debt by midnight that day he would sue her.

18.     When Ms. Sheridan protested that she did not have the money, Mr. Doe made the following false and/or unlawful threats and statements to Ms. Sheridan.

19.     Mr. Doe stated that could take Ms. Sheridan's driver's license if she did not pay the debt.

20.     Mr. Doe stated that would send the sheriff to Ms. Sheridan's place of employment if she did not pay the debt.

21.     Mr. Doe threatened to "attach" Ms. Sheridan's wages if she did not pay the debt.

22.     Mr. Doe threatened to attach Ms. Sheridan's bank account if she did not pay the debt.

23.     Mr. Doe told Ms. Sheridan that her debt would double if she did not pay it by the end of the call.

24.     Mr. Doe also threatened to tell Ms. Sheridan's employer about the debt.

25.     At this point in the conversation, Ms. Sheridan was crying, unable to do her job, and Mr. Doe's activities had seriously disrupted the plaintiff's workplace.

26.     Mr. Doe spoke with Ms. Sheridan's supervisor and told her that Ms. Sheridan was being sued for fraud.

27.     Mr. Doe revealed other private financial information concerning Ms. Sheridan to her supervisor.

28.     Mr. Doe and another NES employee also demanded Ms. Sheridan's reveal private payroll and employment information about the plaintiff, stating falsely that Ms. Sheridan's supervisor was required to reveal this information.

29.     Ms. Sheridan's boss told Mr. Doe not to call the office because he was disrupting the workplace and such calls were not allowed.

30.     After this warning, Mr. Doe and/or other NES employees have called Ms. Sheridan's place of employment repeatedly.

31.     All the receptionists at Ms. Sheridan's place of employment have now been informed about the debt collection activity out of necessity because of the frequent harassing calls.

32.     NES employees almost always attempt to bully the receptionists into bringing Ms. Sheridan to the phone and constantly demand that she be paged via the office intercom system.

33.     On one occasion, an NES employee called Ms. Sheridan's place of employment and was again reminded by the receptionist that he was not allowed to call. The NES employee hung up and called the office back five to six times, hanging up on each occasion.

34.     During this same time period, NES began calling Ms. Sheridan's 90-year-old mother.

35.     Mr. Doe told Ms. Sheridan's mother that Ms. Sheridan was being sued for fraud.

36.     Mr. Doe also told Ms. Sheridan's mother, without a trace of irony, that Ms. Sheridan was a liar.

37.     Mr. Doe has continued to repeatedly call Ms. Sheridan's place of employment asking, among other things, to talk to her supervisor.

38.     Mr. Doe has also called Ms. Sheridan's place of employment and asked her colleagues about the plaintiff's payroll information.

39.     Mr. Doe and NES brazenly violated almost all of the provisions of the Fair Debt Collection Practices Act and the Massachusetts Consumer Protection Act (provisions pertaining to debt collection).

40.     As a result of the defendants' conduct, the plaintiff has suffered emotional distress, damage to reputation, and other damages.

**CLAIM FOR RELIEF**

**Count I**

**Violation of the Fair Debt Collection Practices Act**

41.     Plaintiff incorporates and realleges the foregoing paragraphs.

42.     The defendants made false, deceptive, and misleading statements in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(10).

43.     The defendants threatened to take action that could not legally be taken or that it did not intend to be take in violation of 15 U.S.C. § 1692e(5).

44.     The defendants represented or implied that nonpayment of a debt would result in the seizure, garnishment, attachment, or sale of any property or wages of the plaintiff when such action was unlawful and they did not intend to take such action in violation of 15 U.S.C. § 1692e(4).

45.     The defendants communicated, in connection with the collection of a debt, with persons other than the plaintiff, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. § 1692c(b).

46.     The defendants communicated, in connection with the collection of a debt, with the plaintiff at a time or place that they knew or should have known was inconvenient to the plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

47.     The defendants communicated, in connection with the collection of a debt, with the plaintiff at his place of employment when they knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communications in violation of 15 U.S.C. § 1692c(a)(3).

48.     The natural consequence of the defendants' conduct was to harass, oppress, or abuse the plaintiff in violation of 15 U.S.C. § 1692d.

49.     The defendants caused the plaintiff's telephone to ring or engaged the plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the plaintiff in violation of 15 U.S.C. § 1692d(5).

50.     The defendants actions caused the plaintiff actual damages.

51.     Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award her statutory damages of $1,000, actual damages, declaratory relief the defendants' conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.

WHEREFORE, the plaintiff, Linda Sheridan, respectfully requests that this Court:

A.  Enter judgment for the plaintiff against the defendants for actual damages pursuant to 15 U.S.C. § 1692k.

B.  Enter judgment for the plaintiff against the defendants for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

C.  Enter judgment Declaring the defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

D.  Award the plaintiff reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

E.  Grant such other relief that the Court deems just.

**JURY DEMAND**

The plaintiff demands a trial by jury on each count so triable.


Respectfully submitted, this 10th day of October, 2008.


LINDA SHERIDAN,

by her attorney,


*/s/ Nicholas F. Ortiz*

_____
Nicholas F. Ortiz, BBO# 655135
306 Dartmouth Street
Suite 501
Boston, MA 02116
(617) 716-0282